SALDAÑA, RECURRENTE, v. EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Caguas.

No. 132.—Resuelto en febrero 14, 1913.

TERCEROS—INSCRIPCIÓN DE TÍTULOS.—El artículo 17 de la Ley Hipotecaria, apartado 1, no tiene otro propósito y alcance que la protección de los terceros, y si la persona en cuyo favor está hecha la inscripción no es un tercero, no podrá dársele aplicación.

ID.—ESCRITURA DECLARATORIA DE CONSTRUCCIÓN.—La inscripción de una casa en el registro a favor de su dueño, en virtud de escritura declaratoria de construcción, no impide la inscripción de la venta de esa misma casa a favor del comprador, aunque haya sido otorgada con anterioridad a la escritura declaratoria de construcción.

ID.—INSCRIPCIÓN DEL TÍTULO DEL VENDEDOR—TÍTULO DEL COMPRADOR.—De acuerdo con el artículo 20 de la Ley Hipotecaria, para inscribir el título del comprador, es necesario inscribir antes el título del vendedor.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El Registrador compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de Caguas ante el Notario Don Luis Mendín Sabat, a 24 de mayo de 1912, Don Arcadio Saldaña Agosto asistido de su esposa Doña Dolores Isabel Polanco Santiago, vendió a Don Pedro Saldaña Rivera una casa de altos y bajos de concreto que estaba construyendo en la calle de Celis Aguilera de dicha ciudad, esquina a la de Padilla, con dinero propio y de su consorte y sobre solar de la propiedad del Municipio de Caguas.

Presentada copia de la mencionada escritura al Registrador de la Propiedad de Caguas para su inscripción en aquel registro, fué denegada por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, por observarse el defecto insubsanable de que según el registro, el vendedor Don Arcadio Saldaña Agosto adquirió la casa que enajena, por construcción, según escritura de fecha 23 de octubre de 1912, otorgada en esta ciudad ante el Notario D. Luis Mendín Sabat, y que la venta a que se refiere dicho documento se llevó a efecto estando dicha casa en construcción, por escritura otorgada en esta ciudad, ante el expresado Notario Señor Mendín Sabat, el 24 de mayo del corriente año, cuya fecha es anterior a la de la escritura de edificación antes citada, por la cual el referido vendedor declaró haber construído con su propio peculio la predicha casa, cuyo defecto impide practicar la inscripción solicitada, según el artículo 17 de la Ley Hipotecaria; extendiéndose en su lugar anotación preventiva por el término legal de ciento veinte días, a favor del comprador Don Pedro Saldaña Rivera, al folio 82 vto. del tomo 37 de esta ciudad, finca número 1752, anotación letra 'A.' Caguas 26 de noviembre de 1912.—Entre líneas-según el Registro-vale.—Lorenzo Giménez García, registrador sustituto."

Dicha nota está sometida a nuestra consideración, a virtud de recurso gubernativo interpuesto contra ella por Don Pedro Saldaña Rivera.

Opinamos que el registrador ha incurrido en error por aplicación indebida del artículo 17 de la Ley Hipotecaria, que en su primer apartado dice así:

"Inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el cual se trasmita o grave la propiedad del mismo inmueble o derecho real."

Ya dijimos al resolver el caso de *Roig v. El Registrador de la Propiedad,* 17 D. P. R., 954, que como tal artículo no tiene otro propósito y alcance que la protección de los terce-

ros, si la persona en cuyo favor está hecha la inscripción no es un tercero, no podrá dársele aplicación.

En el presente caso la persona a cuyo favor aparece en el registro la inscripción de la casa de que se trata es Don Arcadio Saldaña Agosto, el mismo que asistido de su esposa la vendió a Don Pedro Saldaña Rivera, a quien le ha sido denegada la inscripción del título traslativo del dominio. No es pues, tercero, Don Arcadio Saldaña Agosto. Y ocurre, además, la particularidad de que el título inscrito en el registro a favor de Saldaña Agosto, no es traslativo de dominio sino declarativo, o más bien originario del dominio de la casa por construcción, razón más para que prescindiendo de la consideración anterior no sea de aplicación el artículo transcrito.

No se trata de inscribir un título anterior o de igual fecha otorgado por persona distinta de la que aparece con derecho en el registro, sino de un título otorgado precisamente por el que aparece con ese derecho, como así dijimos al decidir el caso de *Méndez* v. *El Registrador de la Propiedad,* 18 D, P. R., 805, en el que hubimos de interpretar el mismo artículo invocado por el Registrador de Caguas en la nota recurrida.

Previniendo como previene el artículo 20 de la Ley Hipotecaria que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen, es obvio que para inscribir Don Pedro Saldaña Rivera la escritura traslativa del dominio de la casa, tenía que inscribirse antes el dominio de la misma a favor de su causante Don Arcadio Saldaña Agosto.

Los artículos 17 y 20 de la Ley Hipotecaria lejos de contradecirse se armonizan.

Por las razones expuestas, la nota del registrador de 26 de noviembre del año próximo pasado debe revocarse, ordenán-

dose a dicho funcionario que proceda a verificar la inscripción solicitada.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.